UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                         :
  UNITED STATES OF AMERICA,                              :
                                                         :          16 Cr. 763 (LGS)
                      -against-                           :
                                                         :          **OPINION AND ORDER**
  PAUL J. MATHIEU, et al.,                               :
                                      Defendants.  :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/9/2018__

LORNA G. SCHOFIELD, District Judge:

Defendant Paul J. Mathieu is charged with conspiring to commit health care fraud.

Mathieu moves to suppress evidence produced from an allegedly unconstitutional search of three

email accounts.  For the following reasons, Defendant's motion is denied.

I.     **BACKGROUND**

The Third Superseding Indictment is the operative indictment and is referred to in this

Opinion as the "Indictment."  It charges that, beginning in 2007 and continuing through at least

2013, Defendants participated in a conspiracy to defraud the Medicare Program ("Medicare"),

the New York State Medicaid Program ("Medicaid") and other insurance providers.  The scheme

allegedly involved eight medical clinics (the "Clinics") in Brooklyn, New York, owned and

operated by a co-conspirator (the "True Owner").  The Indictment alleges that Defendants caused

the Clinics to submit fraudulent claims to Medicare, Medicaid and other insurance providers for

unnecessary medical services or services that were in fact not provided.  These services were

purportedly provided to individuals who were insured by Medicare, Medicaid or both, and who

some Defendants and co-conspirators had recruited with cash payments (the "Paid Patients").

The Indictment further charges that Defendants and their co-conspirators provided the

Paid Patients prescriptions and referrals for medically unnecessary medications, transportation

services or durable medical equipment, such as adult diaper kits.  This allowed third-party providers to bill Medicare, Medicaid and other insurance providers for services, medications or equipment that were medically unnecessary or in fact not provided.

The Indictment alleges that from 2007 to 2013, the True Owner employed Mathieu to represent falsely to Medicare and Medicaid, among others, that he solely owned and controlled at least four of the Clinics.  In addition to acting as a nominal owner, Mathieu allegedly claimed to have performed medical services that he in fact did not perform, and allegedly signed prescriptions and referrals for medically unnecessary services, medications and supplies.

## II.  DISCUSSION

Defendant Mathieu seeks to suppress evidence obtained from three email accounts -- sunlightmedical2005@gmail.com, aleksb9024@yahoo.com and drmathieu@hotmail.com -- as a result of three search warrants directed to Google, Yahoo and Microsoft, respectively, and issued on March 16, 2018.  Mathieu argues that the search warrants were overbroad, not supported by probable cause and not sufficiently particularized.  Defendant's motion to suppress is moot as to drmathieu@hotmail.com because the Government does not intend to use information produced from this account at trial.  The motion to suppress is otherwise denied on the merits, as explained below.

### A.  Standing

As an initial matter, the motion to suppress is denied because Mathieu failed to establish that he has standing to challenge the search warrants.

#### 1.  Applicable law

"[A] defendant's Fourth Amendment rights are violated only when the challenged conduct invade[s] *his* legitimate expectation of privacy rather than that of a third party."  *United*

*States v. Santillan*, 902 F.3d 49, 62 (2d Cir. 2018) (alteration in original) (internal quotation marks omitted). A defendant seeking to suppress evidence based on an alleged Fourth Amendment violation "must show that he had a reasonable expectation of privacy in the place or object searched." *Id.* (quoting *United States v. Delva*, 858 F.3d 135, 148 (2d Cir. 2017)). The defendant's burden "is met only by sworn evidence, in the form of an affidavit or testimony, from the defendant or someone with personal knowledge." *United States v. White*, No. 17 Cr. 611, 2018 WL 4103490, at *8 (S.D.N.Y. Aug. 28, 2018) (quoting *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995).

### 2. Application

Defendant lacks standing to challenge the search warrants as to sunlightmedical2005@gmail.com and aleksb9024@yahoo.com. Defendant has not demonstrated by sworn evidence that he has a legitimate expectation of privacy in these accounts. Nowhere in Defendant's motion to suppress does Defendant assert a legitimate expectation of privacy; Defendant does not claim to own either of these accounts. *See United States v. Lustyik*, 57 F. Supp. 3d 213, 223 (S.D.N.Y. 2014) ("A person has no expectation of privacy in another person's email account."). Absent any showing that the email accounts belong to Mathieu, Defendant has no basis for challenging the warrant on Fourth Amendment grounds.

### B. Probable Cause and Particularity

Even assuming that Defendant has standing, the motion to suppress is denied because the warrants were supported by probable cause and were not overbroad.

### 1. Applicable Law

"[A] search pursuant to a warrant issued by a judicial officer upon a finding of probable cause is presumptively reasonable . . . ." *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir 2017). "The warrant must describe with particularity the place to be searched and the items to be seized -- a requirement that protects individuals from exploratory rummaging not supported by probable cause." *Zuniga-Perez v. Sessions*, 897 F.3d 114, 123 (2d Cir. 2018) (quoting *United States v. Bershchansky*, 788 F.3d 102, 110–111 (internal quotation marks omitted)).

### 2. Application

The warrants were supported by probable cause. The Affidavit in support of the search warrants cites two cooperating witnesses who provided an investigating FBI agent with emails from the sunlightmedical2005@gmail.com and aleksb9024@yahoo.com accounts. Based on these emails, the agent reasonably believed, based on his training and experience with the investigation, that the email accounts contained information related to Mathieu's alleged tax liability as a result of participating in the conspiracy and the dollar amount needed to pay kickbacks to patients. These facts support Magistrate Judge Netburn's finding of probable cause. *See Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) ("[A] reviewing court must accord considerable deference to the probable cause determination of the issuing magistrate."); *accord United States v. Pizarro*, No. 17 Cr. 151, 2018 WL 1737236, at *9 (S.D.N.Y. Apr. 10, 2018).

The search warrants are particularized and not overbroad. First, the warrants describe the place to be searched as email accounts sunlightmedical2005@gmail.com and aleksb9024@yahoo.com, which were operated by Google and Yahoo, respectively. Second, the

warrants sufficiently describe the items to be seized as email content from between April 1, 2007, to December 31, 2013, related to nine categories[1] detailed in Part III of the warrants. While Defendant argues that the warrants are overbroad because Part II of the warrants directed the service providers to produce "all email content" from the accounts, Part III constrains review of the documents to the eight relevant categories related to the offenses. The warrants therefore satisfy the basic elements of the particularity requirement and are not overbroad. *See Zuniga-*

---

[1] The nine categories are:

(a) Records used in furtherance of the Subject Offenses, including fraudulent Medicare and Medicaid enrollment forms for medical clinics and individual medical providers; fraudulent state incorporation documents for medical clinics and associated management companies; fraudulent claims for reimbursement submitted to Medicare, Medicaid, and other insurance providers by medical clinics and individual medical providers; and fraudulent medical records generated in connection with those fraudulent reimbursement claims; (b) Communications regarding such fraudulent enrollment forms, incorporation documents, reimbursement claims, and medical records, as well as communications regarding or among the medical clinics and individual medical providers involved in the Subject Offenses; (c) Evidence regarding the locations and disposition of the criminal proceeds obtained from such unauthorized transactions, including records from and communications with the payees of such unauthorized transactions, and information regarding bank accounts used to receive, store, or transmit the criminal proceeds; (d) Evidence regarding other financial accounts used, and other financial transactions executed, in furtherance of the Subject Offenses; (e) Evidence of efforts to evade law or regulatory enforcement or detection, including the destruction of evidence, in connection with the Subject Offenses; (f) Communications and other information, including email header information indicating IP addresses through which emails were communicated and metadata indicating the physical locations associated with certain files, revealing the identities and geographic locations of the users of the Subject Accounts; co-conspirators and aiders and abettors of the Subject Offenses; other individuals, identities, companies, or entities being used in furtherance of the Subject Offenses; and victims of the Subject Offenses; (g) Evidence revealing the locations of other evidence, such as emails reflecting the use of other email or other online accounts, domain names, computers, or other electronic devices in connection with the Subject Offenses; (h)Records relating to the creation use of the Subject Accounts; and (i) Any other evidence of the Subject Offenses.

*Perez*, 897 F.3d at 123 (internal quotation marks omitted) ("The warrant must describe with particularity the place to be searched and the items to be seized.").

C.     **Timeliness**

Defendant's motion to suppress is also untimely.  The deadline for all of Defendants' pretrial motions was June 9, 2017.  Although the relevant search warrants were not issued until March 16, 2018, Defendant had all the necessary information for months before he filed the present motion on October 22, 2018.

III.     **CONCLUSION**

For the foregoing reasons, Defendant's motion to suppress is **DENIED**.

Dated: November 9, 2018
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**